UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| ATHENA SECURITY, LLP,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>AMAZON.COM, INC., AMAZON.COM SERVICES LLC, and AMAZON WEB SERVICES, INC.,<br><br>　　　　　　　Defendants. | Case No. 7:26-cv-00061<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT AGAINST AMAZON.COM, INC., AMAZON.COM SERVICES LLC, AND AMAZON WEB SERVICES, INC.**

This is an action for patent infringement arising under the Patent Laws of the United States of America, 35 U.S.C. § 1 *et seq.*, in which Plaintiff Athena Security, LLP ("Plaintiff" or "Athena") makes the following allegations against Amazon.com, Inc., Amazon.com Services LLC, and Amazon Web Services, Inc. (collectively, "Defendants" or "Amazon"):

**INTRODUCTION AND PARTIES**

1. This complaint arises from Defendants' unlawful infringement of United States Patent Nos. 9,503,421; 7,702,742; 8,250,357; and 7,966,654 (collectively, the "Asserted Patents"). Athena owns all right, title, and interest in each of the Asserted Patents to file this case.

2. Athena Security, LLP is a limited liability partnership organized and existing under the laws of the State of Nevada, with a registered address at 1468 James Rd., Gardnerville, NV 89460.

3. On information and belief, Defendant Amazon.com, Inc. is a Delaware corporation with a listed registered agent of Corporation Service Company, 251 Little Falls Drive, Wilmington,

Delaware 19808. Amazon.com Inc. has a principal place of business at 410 Terry Ave. North, Seattle, Washington 98109-5210. Amazon.com Inc. may also be served with process via its registered agent Corporation Service Company 300 Deschutes Way SW Ste 208 MC-CSC1, Tumwater, WA, 98501.

4. On information and belief, Defendant Amazon.com Services LLC (formerly "Amazon.com Services Inc." and referred to herein as "Amazon Services") is a limited liability company organized under the laws of the state of Delaware, with its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon Services is a wholly owned subsidiary of Amazon. Amazon Services is registered to do business in the State of Texas and may be served with process via its registered agent in Texas, Corporation Service Company dba CSC-Lawyers Incorporating Service Company at 211 7th Street, Suite 620, Austin, TX 78701-3218. Amazon Services may also be served via its Delaware registered agent Corporation Service Company, 251 Little Falls Dr., Wilmington, Delaware 19808.

5. On information and belief, Amazon Web Services, Inc. is a Delaware corporation with its principal place of business at 410 Terry Ave. North, Seattle, Washington 98109. Amazon Web Services, Inc. may be served through its registered agent Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701. On information and belief, Amazon Web Services, Inc. is registered to do business in the State of Texas and has been since at least May 3, 2006. On information and belief, Amazon Web Services, Inc. is a wholly-owned subsidiary of Amazon.com, Inc.

**JURISDICTION AND VENUE**

6. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and

1338(a).

7. This Court has personal jurisdiction over Defendants in this action because Defendants have committed acts within this District giving rise to this action, and have established minimum contacts with this forum such that the exercise of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice. Defendants, directly and through subsidiaries or intermediaries, have committed and continue to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products and services that infringe the Asserted Patents.

8. Venue as to Defendants is proper in this District. For example, Amazon has a regular and established place of business, including, e.g., at Amazon Tech Hub located at 11501 Alterra Parkway, Austin, TX.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 9,503,421

9. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

10. Athena owns all rights, title, and interest in U.S. Patent No. 9,503,421, titled "Security information and event management," issued on November 22, 2016 (the "'421 Patent"). A true and correct copy of the '421 Patent is attached as Exhibit 1.

11. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as, *e.g.*, AWS Security Hub and related components, including but not limited to components such as System Manager Automation and EventBridge, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '421 Patent.

12. Through at least the filing and service of this Complaint, Defendants have had knowledge of the '421 Patent and that by providing the Accused Products to direct infringers, Defendants also knowingly and intentionally induce infringement of claims of the '421 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '421 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on its website) to use the Accused Products in ways that directly infringe the '421 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '421 Patent, thereby specifically intending for and inducing their customers to infringe the '421 Patent through their customers' normal and customary use of the Accused Products.

13. The Accused Products satisfy all claim limitations of claims of the '421 Patent. A claim chart comparing independent claim 1 of the '421 Patent to Defendants' infringing activity is attached as Exhibit 2.

14. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Athena and are liable for infringement of the '421 Patent pursuant to 35 U.S.C. § 271.

15. As a result of Defendants' infringement of the '421 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 7,702,742

16. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

17. Athena owns all rights, title, and interest in U.S. Patent No. 7,702,742, titled "Mechanism for enabling memory transactions to be conducted across a lossy network," issued on April 20, 2010 (the "'742 Patent"). A true and correct copy of the '742 Patent is attached as Exhibit 3.

18. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as, *e.g.*, AWS R8i/R8i-flex EC2 instances and related components, including the platforms that deploy Xeon 6 components with CXL 2.0 support, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '742 Patent.

19. Through at least the filing and service of this Complaint, Defendants have had knowledge of the '742 Patent and that by providing the Accused Products to direct infringers, Defendants also knowingly and intentionally induce infringement of claims of the '742 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '742 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '742 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '742 Patent, thereby specifically intending for and inducing their customers to infringe the '742 Patent through their customers' normal and customary use of the Accused Products.

20. The Accused Products satisfy all claim limitations of claims of the '742 Patent. A

claim chart comparing independent claim 1 of the '742 Patent to Defendants' infringing activity is attached as Exhibit 4.

21. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Athena and are liable for infringement of the '742 Patent pursuant to 35 U.S.C. § 271.

22. As a result of Defendants' infringement of the '742 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 8,250,357

23. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

24. Athena owns all rights, title, and interest in U.S. Patent No. 8,250,357, titled "Tunnel interface for securing traffic over a network," issued on August 21, 2012 (the "'357 Patent"). A true and correct copy of the '357 Patent is attached as Exhibit 5.

25. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as, *e.g.*, AWS Site-to-Site VPN, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '357 Patent.

26. Through at least the filing and service of this Complaint, Defendants have had knowledge of the '357 Patent and that by providing the Accused Products to direct infringers, Defendants also knowingly and intentionally induce infringement of claims of the '357 Patent in

violation of 35 U.S.C. § 271(b). Despite this knowledge of the '357 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '357 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '357 Patent, thereby specifically intending for and inducing their customers to infringe the '357 Patent through their customers' normal and customary use of the Accused Products.

27. The Accused Products satisfy all claim limitations of claims of the '357 Patent. A claim chart comparing independent claim 1 of the '357 Patent to Defendants' infringing activity is attached as Exhibit 6.

28. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Athena and are liable for infringement of the '357 Patent pursuant to 35 U.S.C. § 271.

29. As a result of Defendants' infringement of the '357 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 7,966,654

30. Athena realleges and incorporates by reference the foregoing paragraphs as if fully set forth herein.

31. Athena owns all rights, title, and interest in U.S. Patent No. 7,966,654, titled

"Computerized system and method for policy-based content filtering," issued on June 21, 2011 (the "'654 Patent"). A true and correct copy of the '654 Patent is attached as Exhibit 7.

32. On information and belief, Defendants make, use, offer for sale, sell, and/or import certain products ("Accused Products"), such as, *e.g.*, AWS Network Firewall and related components, and all versions and variations thereof since the issuance of the asserted patent, that directly infringe, literally and/or under the doctrine of equivalents, claims of the '654 Patent.

33. Through at least the filing and service of this Complaint, Defendants have had knowledge of the '654 Patent and that by providing the Accused Products to direct infringers, Defendants also knowingly and intentionally induce infringement of claims of the '654 Patent in violation of 35 U.S.C. § 271(b). Despite this knowledge of the '654 Patent, Defendants continue to actively encourage and instruct their customers and end users (for example, through user manuals and online instruction materials on their website) to use the Accused Products in ways that directly infringe the '654 Patent. Defendants do so knowing and intending that their customers and end users will commit these infringing acts. Defendants also continue to make, use, offer for sale, sell, and/or import the Accused Products, despite their knowledge of the '654 Patent, thereby specifically intending for and inducing their customers to infringe the '654 Patent through their customers' normal and customary use of the Accused Products.

34. The Accused Products satisfy all claim limitations of claims of the '654 Patent. A claim chart comparing independent claim 13 of the '654 Patent to Defendants' infringing activity is attached as Exhibit 8.

35. By making, using, offering for sale, selling and/or importing into the United States the Accused Products, Defendants have injured Athena and are liable for infringement of the '654 Patent pursuant to 35 U.S.C. § 271.

36. As a result of Defendants' infringement of the '654 Patent, Athena is entitled to monetary damages in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Athena respectfully requests that this Court enter:

a. A judgment in favor of Athena that Defendants have infringed each of the Asserted Patents, either literally and/or under the doctrine of equivalents;

b. A judgment in favor of Plaintiff that Defendants have induced infringement of the Asserted Patents;

c. A judgment and order requiring Defendants to pay Athena its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of each of the Asserted Patents;

d. A judgment and order requiring Defendants to provide an accounting and to pay supplemental damages to Athena, including without limitation, pre-judgment and post-judgment interest;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Athena its reasonable attorneys' fees against Defendants; and

f. Any and all other relief as the Court may deem appropriate and just under the circumstances.

## DEMAND FOR JURY TRIAL

Athena, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of

any issues so triable by right.

Dated: February 20, 2026

Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie (CA SBN 246953)
rmirzaie@raklaw.com
Paul A. Kroeger (CA SBN 229074)
pkroeger@raklaw.com
Adam S. Hoffman (CA SBN 218740)
ahoffman@raklaw.com
James Tsuei (CA SBN 285530)
jtsuei@raklaw.com
Daniel Kolko (CA SBN 341680)
dkolko@raklaw.com
Jefferson Cummings (DC SBN 90027452)
jcummings@raklaw.com
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025
Telephone: 310-826-7474

*Attorneys for Plaintiff
Athena Security, LLP*